%JS 44   (Rev. 11/04)                                              CIVIL COVER SHEET                                                        APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jack Gorman, DPM

### DEFENDANTS
Allen Jacobs, DPM

**(b)** County of Residence of First Listed Plaintiff   **Bucks**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas F. Sacchetta, Esquire, Sacchetta & Baldino, 308 East Second Street, Media, PA 19063, (610) 891-9212

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  In excess of 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
/s/ Thomas F. Sacchetta, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**APPENDIX F**

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 399 North York Road, Warminster, PA 18974

Address of Defendant: 6150 Oakland Avenue, St. Louis, MO 63139

Place of Accident, Incident or Transaction: Commonwealth of Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐   No X

Does this case involve multidistrict litigation possibilities?     Yes ☐   No X

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐   No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. X Other Personal Injury (Please specify) Defamation
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Thomas F. Sacchetta, Esquire _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     Thomas F. Sacchetta, Esquire     46834
                        Attorney-at-Law                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     Thomas F. Sacchetta, Esquire     46834
                        Attorney-at-Law                  Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JACK GORMAN, DPM | : | CIVIL ACTION |
| v. | : | |
| ALLEN JACOBS, DPM | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | /s/ Thomas F. Sacchetta | plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| | (610) 891-7190 | tom@sbattorney.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACK GORMAN, DPM                    :
399 North York Road                 :
Warminster, PA 18974                :
                Plaintiff       :
                                :
    v.                              :
                                :
ALLEN JACOBS, DPM                   :
6150 Oakland Avenue                 :
St. Louis, MO 63139                 :
                Defendant       :

## CIVIL ACTION COMPLAINT
## DEFAMATION

AND NOW, comes the plaintiff, Jack Gorman, DPM, by and through his attorney, Thomas F. Sacchetta, Esquire, and respectfully represents as follows:

### JURISDICTIONAL STATEMENT

1.    This court has jurisdiction as the amount in controversy exceeds Seventy-five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and the defendant is of diverse citizenship. Plaintiff is a citizen of the Commonwealth of Pennsylvania and defendant is a citizen of the State of Missouri. The subject incident, out of which this claim arises, occurred in Pennsylvania.

### PARTIES

2.    Plaintiff, Jack Gorman, DPM, is an adult individual and a citizen of the Commonwealth of Pennsylvania with an address located at 399 North York Road, Warminster, Pennsylvania 18974. At all times relevant hereto, Jack Gorman, DPM has been a private figure.

3.    Defendant, Allen Jacobs, DPM, is an adult individual and a citizen of the State of

1

Missouri with an address located at 6150 Oakland Avenue, St. Louis, Missouri 63139 and is the publisher of the defamatory statements giving rise to this action.

## VENUE

4. Defendant has caused harm and tortiuos injury by his acts in the Commonwealth, to wit, by publishing and disseminating defamatory statements in Pennsylvania and by other conduct which occurred in Pennsylvania.

5. Venue is proper in the U.S. District Court for the Eastern District of Pennsylvania inasmuch as the transaction or occurrence out of which plaintiff's cause of action arises, to wit, the defendant's publication and dissemination of false and defamatory statements about Jack Gorman, DPM, took place in Pennsylvania.

## FACTS

6. This is an action for defamation and related claims arising out of false and defamatory statements published by defendant, Allen Jacobs, DPM, on September 3, 2007 by way of "PM News". The statements published by defendant assert the following: "Once the 'experts' such as Drs. Gorman, Boc, etc. are cited for the failure to provide truthful testimony, they will be finished as experts, as every subsequent deposition and courtroom testimony will include a history of being cited for untruthful testimony. In addition, there is always the possibility of loss of ACFAS fellowship status or better yet, ABPS diplomate status for unethical behavior. Even a letter of condemnation or warning from such organizations would provide the jury with a true picture of the 'expert'."

7. The statements imply, among other things, that plaintiff was willing to travel anywhere and say anything to support frivolous claims in court and under testimony and subject

2

to perjury and is unethical in his behavior. These statements were false and were made by defendant negligently, recklessly and/or with constitutional malice and an intent to harm plaintiff. As a result of the publication of these false and defamatory statements, plaintiff's reputation and good name have been harmed and he has suffered other damage. Plaintiff seeks compensatory and punitive damages from the defendant.

8. Jack Gorman, DPM, is a licensed podiatrist licensed to practice podiatry in the Commonwealth of Pennsylvania. On or about September 3, 2007, defendant published the following: "Once the 'experts' such as Drs. Gorman, Boc, etc. are cited for the failure to provide truthful testimony, they will be finished as experts, as every subsequent deposition and courtroom testimony will include a history of being cited for untruthful testimony. In addition, there is always the possibility of loss of ACFAS fellowship status or better yet, ABPS diplomate status for unethical behavior. Even a letter of condemnation or warning from such organizations would provide the jury with a true picture of the 'expert'." A copy of the commentary is attached hereto and marked as Exhibit "A".

## COUNT I

**Plaintiff, Jack Gorman, DPM v. Allen Jacobs, DPM**

### INTENTIONAL DEFAMATION

9. The averments of paragraphs 1 through 8, inclusive, are incorporated by reference as though fully set forth herein.

10. Defendant, Allen Jacobs, DPM, maliciously published and disseminated false and defamatory statements, assertions, suggestions, innuendoes and/or implications that, "Once the 'experts' such as Drs. Gorman, Boc, etc. are cited for the failure to provide truthful testimony,

3

they will be finished as experts, as every subsequent deposition and courtroom testimony will include a history of being cited for untruthful testimony. In addition, there is always the possibility of loss of ACFAS fellowship status or better yet, ABPS diplomate status for unethical behavior. Even a letter of condemnation or warning from such organizations would provide the jury with a true picture of the 'expert'."

11. The above statements, assertions, suggestions, innuendoes and/or implications maliciously and falsely state, imply and suggest as a fact, directly and by innuendo and inference that plaintiff acted criminally, unethically and/or improperly.

12. The above statements, assertions, suggestions, innuendoes and/or implications are false and were made by defendant maliciously and with knowledge of their falsity and/or with reckless disregard as to their truth or falsity.

13. The defendant aforementioned false and defamatory statements, assertions, suggestion, innuendoes and/or implications are false, defamatory and libelous *per se* in that they attribute immoral, unethical, improper and illegal conduct to the plaintiff, and further were made by defendant maliciously and with knowledge of their falsity and/or with reckless disregard as to their truth or falsity.

14. The aforementioned defamatory statements by defendant about plaintiff were published in the "PM News" a podiatrist news letter serving over 9,500 podiatrists daily.

### HARM

15. The above mentioned false and defamatory statements, assertions, suggestions, innuendoes and implications about plaintiff have blackened plaintiff's reputation in his community, including the podiatrist community. Defendant, Allen Jacobs, DPM, has exposed

4

plaintiff to public hatred, contempt and ridicule. Defendant, Allen Jacobs, DPM, has falsely ascribed to plaintiff improper, immoral and illegal conduct, as well as (i) criminal behavior and (ii) a lack of decency, integrity and responsibility. As a result of the publication of these false and defamatory statements, plaintiff's reputation and good name have been harmed, he has been subjected to public hatred, contempt and ridicule and he has suffered other damage.

16. The false and defamatory statements, assertions, suggestions, innuendoes and implications published by defendant about plaintiff were published with knowledge of their falsity and/or with a malicious, intentional or reckless disregard for their truth or falsity, and with a malicious, intentional or reckless disregard for the injury which said statements, assertions, suggestions, innuendoes and implications would inflict on the good name and reputation of plaintiff.

17. Plaintiff is entitled to recover such damages as will compensate him for injury to his reputation as well as the embarrassment, humiliation and emotional distress resulting from the defendant's statements, assertions, suggestions, innuendoes and implications.

18. Defendant, Allen Jacobs, DPM's malicious publication of the false and defamatory statements, assertions, suggestions, innuendoes and implications warrants an award of punitive or exemplary damages because defendant's conduct is in reckless disregard of plaintiff's interests and was malicious, outrageous and the result of improper motive.

19. Plaintiff is entitled to recover an award of punitive or exemplary damages as a result of the defendant's outrageous conduct and for the purpose of punishing defendant for malicious defamation and deterring him and others from the repetition of similar defamation in the future.

WHEREFORE, plaintiff, Jack Gorman, DPM, demands judgment in his favor and against defendant, Allen Jacobs, DPM, and requests an award of compensatory damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest and costs, and further requests an award of punitive damages.

## COUNT II

### Plaintiff, Jack Gorman, DPM v. Defendant, Allen Jacobs, DPM

### NEGLIGENT DEFAMATION

20. The averments of paragraphs 1 through 19, inclusive, are incorporated by reference as though set forth fully herein.

21. The above-mentioned statements, assertions, suggestions, innuendoes and/or implications are false and were made by defendant negligently, in that if the defendant had any source for the defamatory statements in the letter, defendant relied on a source who lacked any knowledge of the subject matter contained in the letter, and defendant failed to ascertain the basis of the source's alleged knowledge of the information contained in the letter.

WHEREFORE, plaintiff, Jack Gorman, DPM, demands judgment in his favor and against defendant, Allen Jacobs, DPM, and requests an award of compensatory damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest and costs, and further requests an award of punitive damages.

## COUNT III

**Plaintiff, Jack Gorman, DPM v. Defendant, Allen Jacobs, DPM**

### FALSE LIGHT - INVASION OF PRIVACY

22. The averments of paragraphs 1 through 21, inclusive, are incorporated by reference as though set forth fully herein.

23. By the false, malicious, defamatory and libelous statements which have been set forth above, the defendant improperly depicted Jack Gorman, DPM, in a false public light.

24. Defendants statements, assertions, suggestions, innuendoes and implications regarding plaintiff have put plaintiff before the public in a false light that would be highly offensive to a reasonable person.

25. As a result of defendant statements, assertions, suggestions, innuendoes and implications, the defendant created the totally false impression that (i) plaintiff is unethical, untrustworthy, irrational, immoral and dishonest, and (ii) plaintiff has abused his position.

26. As a result of the depiction by defendant of plaintiff in a false public light, plaintiff has suffered and continues to suffer all the injuries, damages and losses set forth above and incorporated herein by reference.

27. The false depiction by defendant of plaintiff was so extreme and outrageous as to warrant the imposition of punitive damages.

WHEREFORE, plaintiff, Jack Gorman, DPM, demands judgment in his favor and against defendant, Allen Jacobs, DPM, and requests an award of compensatory damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest and costs, and further requests an award of punitive damages.

## COUNT IV

### Plaintiff, Jack Gorman, DPM v. Defendant, Allen Jacobs, DPM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.  The averments of paragraphs 1 through 27, inclusive, are incorporated by reference as though set forth fully herein.

29.  Defendant, Allen Jacobs, DPM, by his extreme and outrageous conduct has intentionally and/or recklessly caused severe emotional distress to Plaintiff.

WHEREFORE, plaintiff, Jack Gorman, DPM, demands judgment in his favor and against defendant, Allen Jacobs, DPM, and requests an award of compensatory damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest and costs, and further requests an award of punitive damages.

## COUNT V

### Plaintiff, Jack Gorman, DPM v. Defendant, Allen Jacobs, DPM

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

30.  The averments of paragraphs 1 through 29, inclusive, are incorporated by reference as though set forth fully herein.

31.  Defendant, Allen Jacobs, DPM, by his above referenced conduct, negligently caused severe emotional distress to plaintiff.

WHEREFORE, plaintiff, Jack Gorman, DPM, demands judgment in his favor and against defendant, Allen Jacobs, DPM, and requests an award of compensatory damages in excess of

Seventy-Five Thousand ($75,000.00) Dollars, plus interest and costs, and further requests an award of punitive damages.

/s/ Thomas F. Sacchetta, Esquire
THOMAS F. SACCHETTA, ESQUIRE
TFS7148
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212
Attorney for plaintiff